IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| DETLEF HARTMANN, | § |
| | § No. 200, 2025 |
| Defendant Below, | § |
| Appellant, | § Court Below–Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § Cr. ID No. 9912000027 (K) |
| STATE OF DELAWARE, | § |
| | § |
| Appellee. | § |

Submitted: June 25, 2025
Decided: July 31, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, it appears to the Court that:

(1) Detlef Hartmann appeals the Superior Court's denial of his motion for reargument of the court's denial of various motions, including several motions to restrict access to his medical records. The State of Delaware has moved to affirm the judgment below on the ground that it is manifest on the face of Hartmann's opening brief that his appeal is without merit. We agree and affirm.

(2) In 2001, Hartmann pleaded guilty to one count of second-degree unlawful sexual intercourse and two counts of second-degree unlawful sexual contact. The Superior Court immediately sentenced Hartmann to an aggregate of

nineteen years of incarceration, suspended after ten years followed by decreasing levels of supervision. In 2012, the Superior Court found that Hartmann had violated the terms of his probation and resentenced him. Hartmann appealed, and we affirmed.[1] In 2019, the Superior Court again found that Hartmann had violated the terms of his probation and resentenced him. Hartmann appealed, and we affirmed.[2]

(3) In December 2019, Hartmann filed a motion to seal his health records. The Superior Court denied the motion as unfounded. In February 2023, Hartmann filed a motion to strike his health information from the record. The Superior Court also denied this motion as unfounded.

(4) In March 2025, Hartmann filed six motions—one motion for appointment of counsel, one motion for a no-contact order, and four motions asking the court to restrict access to his health records. On April 1, 2025, the court denied the motions, finding the motions to be "largely unintelligible" and noting that Hartmann had "failed to cite to [sic] any rule of criminal procedure … that would provide a basis for the filings."[3] On April 28, 2025, Hartmann filed a motion for reargument. On April 29, 2025, the Superior Court denied the motion as untimely filed.[4] On May 6, 2025, Hartmann filed a notice of appeal in this Court.

---

[1] *Hartmann v. State*, 2013 WL 434052 (Del. Feb. 4, 2013).

[2] *Hartmann v. State*, 2019 WL 6813986 (Del. Dec. 12, 2019).

[3] Mot. to Affirm, Ex. D at 31.

[4] *State v. Hartmann*, 2025 WL 1250864 (Del. Super. Ct. Apr. 29, 2025).

(5)    A motion for reargument must be filed and served within five days (excluding intermediate Saturdays, Sundays, and legal holidays)[5] of the court's decision[6]—here, on or before April 8, 2025.  We therefore affirm the Superior Court's denial of Hartmann's motion for reargument, which was filed twenty days too late.  To the extent that Hartmann argues in his opening brief that the Superior Court committed reversible error in its April 1 order denying Hartmann's motions for appointment of counsel, a no-contact order, and to restrict access to his medical records, we are unable to review his claims because Hartmann's untimely motion for reargument did not toll the time for Hartmann to appeal the April 1 order,[7] which had to be (but was not) appealed on or before May 1, 2025.  We note, however, that the Superior Court file contains two mental health evaluations, both of which are sealed—one by order dated December 1, 2011, and one by order dated February 28, 2012.

---

[5] Del. Super. Ct. Civ. R. 6(a) (excluding intermediate Saturdays, Sundays, and legal holidays in the computation of a time period of less than eleven days); Del. Super. Ct. Crim. R. 45(a) (same).

[6] *See Riley v. State*, 2020 WL 5230731, at *1 (Del. Sept. 1, 2020) (noting that a motion to reargue in a criminal matter must be filed and served within five days of the court's decision under Superior Court Civil Rule 59); Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court.").

[7] *Boyer v. State*, 2007 WL 452300, at *1 (Del. Feb. 13, 2007).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice